## PEOPLE v. THORNE

1. CRIMINAL LAW—LINEUP—PRESENCE OF COUNSEL.
   An accused is entitled to have counsel present at a lineup to protect his rights and to make sure that the lineup is fair for him.

---

REFERENCES FOR POINTS IN HEADNOTES

[1–5] 21 Am Jur 2d, Criminal Law §§ 313, 314.
   Accused's right to assistance of counsel at or prior to arraignment.   5 ALR3d 1269.
   Accused's constitutional right to assistance of counsel.   84 L Ed 383.
   Accused's right to counsel under the Federal Constitution—Supreme Court Cases.   93 L Ed 137; 2 L Ed 2d 1644; 9 L Ed 2d 1260; 18 L Ed 2d 1420.
[6] 29 Am Jur 2d, Evidence § 774.
[7] 53 Am Jur, Trial § 527 et seq.

2. CRIMINAL LAW—LINEUP—PRESENCE OF COUNSEL—KNOWLEDGE OF
REPRESENTATION.

An attorney who does not know that he is representing an
accused during a lineup cannot protect the rights of that
accused.

3. CRIMINAL LAW—LINEUP—PRESENCE OF COUNSEL.

Lineup identification of defendant was improperly admitted
where an attorney who had agreed to represent defendant's
accomplice at that lineup did not know that he was also sup-
posed to be representing defendant at the same time.

4. CRIMINAL LAW—LINEUP—PRESENCE OF COUNSEL—TRIAL—IN-
COURT IDENTIFICATION—INDEPENDENT SOURCE.

An in-court identification of an accused need not be stricken
because counsel for the accused was not present at a prior
lineup if that in-court identification is based on a source in-
dependent of the illegal lineup identification.

5. CRIMINAL LAW—EVIDENCE—IN-COURT IDENTIFICATION—ILLEGAL
LINEUP—EVIDENTIARY HEARING.

Evidentiary hearing was required to determine whether com-
plainant's in-court identification of defendant had an in-
dependent source and if so, whether the error in admitting
complainant's illegal lineup identification of defendant was
harmless error, where complainant's testimony indicated not
only that he could have had an independent source to sub-
stantiate his in-court identification but also that his in-court
identification was based partially on his prior lineup identi-
fication of defendant when defense counsel was not present.

6. ROBBERY—CRIMINAL LAW—EVIDENCE—PISTOL—IDENTIFICATION—
ADMISSIBILITY.

A pistol seized from the person of defendant's accomplice was
properly admitted where complainant identified it as the pistol
used by defendant in robbing him.

7. CRIMINAL LAW—INSTRUCTIONS TO JURY—REQUESTS TO CHARGE.

A refusal to instruct the jury as requested by a defendant is
not error where the trial court has submitted all of the neces-
sary instructions to the jury and the instructions requested
by defendant and refused by the court would have been cumu-
lative.

Appeal from Bay, Leon R. Dardas, J. Submitted
Division 3 October 7, 1969, at Grand Rapids.
(Docket No. 6,091.) Decided February 4, 1970.

Rehearing denied April 2, 1970. Leave to appeal granted, order of the Court of Appeals reversed, and cause remanded to the trial court with instructions. 383 Mich 791.

Kenneth Thorne was convicted by a jury of armed robbery. Defendant appeals. Remanded for evidentiary hearing.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Eugene C. Penzien,* Prosecuting Attorney, for the people.

*James G. Orford,* for defendant on appeal.

Before: R. B. BURNS, P. J., and HOLBROOK and LEVIN, JJ.

R. B. BURNS, P. J. Defendant was convicted by a jury of armed robbery. MCLA § 750.529 (Stat Ann 1969 Cum Supp § 28.797). There was testimony to the effect that at approximately 11:00 p.m. defendant went to a gasoline station and asked for antifreeze for his automobile. He discussed with the station attendant, Douglas Martin, the amount needed for his car and then indicated he would like to see a cheaper antifreeze which was stored in the back room. The parties went to the back room where the defendant pulled out a gun and demanded all of the money in the station, which Martin gave him.

After the robbery was reported to the state police, a trooper thought he recognized the description of the wanted man. He took from the police files pictures of several persons whom he thought might have committed the robbery, including one of the defendant, and showed them to Martin. Martin indicated he was "pretty sure" that defendant was the person who robbed him. Defendant was arrested early the next morning with two of his companions

and taken to the state police post in Bay City where he was advised of his rights and requested that counsel be present during the lineup.

The attorney called on behalf of the defendant was in the hospital and the police on behalf of the defendant's accomplice had called attorney James Wood who had agreed to be present to represent the defendant's accomplice at the lineup. A police officer testified that the defendant agreed with the police that he would be satisfied for Wood to also represent him at the lineup. Although Wood was present during the lineup, he did not talk to either man before that time. After the lineup he informed the defendant he could not represent him and that defendant should secure other counsel.

The lineup consisted of several men all dressed differently, two of whom had beards. Defendant was bearded at the time of the robbery but was clean shaven at the time of trial.

During the course of the trial Martin identified the defendant in court and was examined concerning the identification of the defendant at the lineup. This testimony was entered without objection by defense counsel. After the parties rested, defense counsel moved that the testimony of Martin identifying the defendant be stricken from the record on the ground that the defendant did not have counsel at the time of the lineup in accordance with *United States* v. *Wade* (1967), 388 US 218 (87 S Ct 1926, 18 L Ed 2d 1149) and *Gilbert* v. *California* (1967), 388 US 263 (87 S Ct 1951, 18 L Ed 2d 1178).

The trial court denied the motion and held that the defendant had counsel at the lineup.

We cannot agree. Defendant may have thought that he had counsel in accordance with his conversations with his co-defendant and the police whereby he indicated he was agreeable for Wood

to represent him at the lineup, but Wood did not know it, and the thrust of both the *Wade* and *Gilbert* decisions is that counsel must be present at a lineup to protect the rights of the accused and to make sure that the lineup is fair for the accused. An attorney who doesn't know he is representing an accused at a lineup cannot protect those rights.

The *Wade* and *Gilbert* cases held that a person accused of a crime was entitled to have counsel present at a lineup to assist the accused and to protect his rights.

However, neither *Wade* nor *Gilbert* held that an in-court identification of the accused must be stricken on the grounds that counsel was not present at the lineup. Both cases were remanded to the trial court for a determination of whether the in-court identification had an independent origin.

In the present case there was testimony which indicated that Martin could have had an independent source to substantiate his in-court identification. However, he did testify that his in-court identification was "partially" based on his lineup identification. Whether the in-court identification had an independent origin was not an issue in the trial court. Therefore, the case will be remanded to the trial court for a determination as to whether the in-court identification had an independent source and if so, whether the error in admitting the lineup identification was harmless beyond a reasonable doubt. If the court determines both that the in-court identification had an independent source and that the error was harmless, then the defendant's conviction will be affirmed. Otherwise the trial judge should grant the defendant a new trial.

The pistol seized from the person of the codefendant was identified by Martin as the pistol used by the

defendant in committing the robbery and its admission in evidence was proper.

Defendant claims the court erred by refusing to instruct the jury as requested by the defendant. The record reveals, and the defendant admits, that the court submitted all of the necessary instructions to the jury and those requested by defendant and refused by the court would have been cumulative.

The remaining errors claimed by the defendant have been considered but do not merit discussion. The defendant had a fair trial and the verdict was not contrary to the great weight of the evidence.

Remanded to the trial court for proceedings consistent with this opinion.

All concurred.